```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

FILED
02 SEP 26 PM 2:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

JESSE WOODROW SHOTTS,           }
                                }
     Plaintiff,                 }
                                }        CIVIL ACTION NO.
v.                              }
                                }        02-AR-1343-S
MICHAEL RASMUSSEN, et al.,      }
                                }
     Defendants.                }

ENTERED
SEP 26 2002

## MEMORANDUM OPINION

To memorialize the oral rulings announced on September 19, 2002, during argument on all then pending motions except the motion for summary judgment filed by Keeton Corrections, Inc., the second motion to amend filed on September 19, 2002, by plaintiff, Jesse Woodrow Shotts ("Shotts"), was granted, the complaint, as thus amended, was deemed filed, and all defendants' motions to dismiss were deemed re-filed, addressed to the complaint as last amended. The argument proceeded on that basis.

Shotts sues a number of defendants under *Bivens*, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The alleged conspiracy and varied sub-events complained of occurred while Shotts was a federal prisoner under judgment for a felony conviction in this court. The defendants include a federal prosecutor, two probation officers of this court, federal prison medical personnel, and federal correctional officers. That these loosely related defendants somehow got together and formed a conspiracy to deny Shotts various



of his Constitutional rights is difficult to conceive of, but the court supposes that it is theoretically possible. Unfortunately for Shotts, his invocation of § 1983, § 1985 and RICO are clearly inapposite. These statutes simply do not fit the factual allegations of his complaint, no matter how tolerantly construed. This leaves him with *Bivens*, which he invoked for the first time on September 19, 2002.

It goes without saying that if defendants, or any of them, deliberately undertook to persecute or to mistreat Shotts because of the partially successful appeal of this conviction, it would be a shameful act. But, the motions to dismiss only call for the court to ascertain whether or not Shotts has stated a claim upon which he can proceed in this court and upon which any of the relief he seeks can be granted. The court is not called upon to conduct a broad investigation of prison conditions and procedures.

There is so much wrong with Shotts' shotgun complaint that the court chooses not to try to analyze it or to criticize it paragraph by paragraph. In all of its convoluted aspects it attempts to combine in one action every complaint about every person who did something that Shotts did not like during his incarceration, whether physical or procedural. Shotts is angry. However, insurmountable obstacles in Shotts' path are the judicial, prosecutorial, sovereign and qualified immunities enjoyed in varying degrees by the various defendants. Without repeating the points articulated in defendants' motions to dismiss, they are well

taken, and for the reasons therein stated and discussed during oral argument, the said motions are due to be granted and will be granted by separate order. A lengthy opinion would add nothing but insult to the alleged injuries sustained by Shotts.

DONE this 26th day of September, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE